David Karl Gross, ABA #9611065
Birch Horton Bittner & Cherot
510 L Street, #700
Anchorage, AK  99501
Telephone:	907.276.1550
Facsimile:	907.276.3680
Email:  dgross@bhb.com
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **JOSEPH R. TOMELLERI,**<br><br>　　　　**Plaintiff,**<br><br>**v.**<br><br>**KENDALL BROUGH d/b/a PRINCE OF WALES EAGLE LODGE,**<br><br>　　　　**Defendant.** | **Case No.  3:19-cv-**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Joseph R. Tomelleri ("Plaintiff" or "Tomelleri") and, for his Complaint against Defendant Kendall Brough d/b/a Prince of Wales Eagle Lodge ("Defendant" or "Eagle Lodge") alleges and states as follows:

TOMELLERI V. BROUGH
COMPLAINT
00888905.DOCX

CASE NO. 3:19-cv-_____ (___)
PAGE 1 OF 11

Case 3:19-cv-00310-SLG   Document 1   Filed 12/06/19   Page 1 of 11

## JURISDICTION AND VENUE

1. This claim is brought pursuant to 17 U.S.C. § 101, *et seq*., for copyright infringement, and 17 U.S.C. § 1202, *et seq.,* for removal or alteration of copyright management information.

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) because this case arises under the copyright laws of the United States. (17 U.S.C. § 101 et seq.).

3. This Court has personal jurisdiction over Defendant because Defendant resides in this State.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district.

## PARTIES

5. Plaintiff is an adult individual and a resident of the State of Kansas.

6. Defendant is an adult individual residing in Alaska doing business as Prince of Wales Eagle Lodge.

7. Defendant's business address is Post Office Box 554, Klawock, Alaska 99925.

## PLAINTIFF'S BACKGROUND AND WORKS

8. Plaintiff is an artist and a trained biologist who has spent most of his working life collecting, studying, and illustrating North American fish species.

9. Over a thirty plus (30+) year career, Plaintiff has created over one thousand (1,000) hand-drawn illustrations of fish in various life cycles. The illustrations include over nine hundred (900) unique species.

TOMELLERI V. BROUGH  
COMPLAINT  
00888905.DOCX  
CASE NO. 3:19-cv-_____ (___)  
PAGE 2 OF 11

Case 3:19-cv-00310-SLG   Document 1   Filed 12/06/19   Page 2 of 11

10. Plaintiff's illustrations are used by scientists all over the world, and he is recognized as one of the world's preeminent fresh water fish illustrators.

11. For each illustration, Plaintiff puts in many hours observing, researching, and collecting fish species in the field to prepare for drawing the illustration. Then, drawing the illustration takes Plaintiff many more hours.

12. Plaintiff's illustrations have been published in many scientific studies, journals, books, magazines, and fish identification guides. Ichthyologists often use Plaintiff's illustrations to help better understand fish and their changing ecosystems. They value Plaintiff's hand-drawn work over photographs because of Plaintiff's technique in depicting color patterns, fin arrangements and other significant diagnostic characteristics of a particular fish species in a particular life cycle.

13. Plaintiff's work is identifiable by a standard "left-lateral" view, using Prismacolor as the primary medium.

14. Plaintiff uses information gained from observing the fish in addition to his own skill and judgment to create illustrations which capture the significant diagnostic characteristics of each fish.

15. Plaintiff is the owner of the website www.americanfishes.com ("Plaintiff's Website") where prints of his illustrations are available for purchase. Plaintiff's Website contains digital reproductions of Plaintiff's illustrations available for sale. Each image prominently displays one or more copyright notices as in the below example.

TOMELLERI V. BROUGH
COMPLAINT
00888905.DOCX

CASE NO. 3:19-cv-_____ (___)
PAGE 3 OF 11

Case 3:19-cv-00310-SLG   Document 1   Filed 12/06/19   Page 3 of 11


*Example of one of Plaintiff's illustration on Plaintiff's Website*

16. Plaintiff is the sole owner and proprietor of all rights, titles, and interest in, and to, the copyrights for illustrations for a number and variety of fish that are at issue in this case (the "Works").

17. Plaintiff is and always has been the exclusive owner of all of his Works.

18. Each of the illustrations comprised in the Works is covered by a copyright registration owned by Plaintiff.

19. The following table individually lists each of Plaintiff's Works at issue and the corresponding registration information.

| No. | Illustration | Reg. # | Reg. Date |
|---|---|---|---|
| 1 | Chinook Salmon | VA 998 415 | 09/16/1999 |
| 2 | Coho Salmon | VA 1 163 619 | 11/05/2002 |
| 3 | Pink Salmon | VA 1 163 619 | 11/05/2002 |
| 4 | Dolly Varden | VA 1 163 619 | 11/05/2002 |
| 5 | Steelhead | VA 1 163 619 | 11/05/2002 |
| 6 | Sockeye | VA 1 163 619 | 11/05/2002 |

20. Plaintiff's website displays the following copyright management information at the bottom of every page: "©2016 Joseph R. Tomelleri."

TOMELLERI V. BROUGH
COMPLAINT
00888905.DOCX

CASE NO. 3:19-cv-_____ (___)
PAGE 4 OF 11

Case 3:19-cv-00310-SLG   Document 1   Filed 12/06/19   Page 4 of 11

21. As can be seen above and on Plaintiff's Website, Plaintiff's original illustrations typically display copyright management information prominently in at least two locations: to the bottom right corner of the illustration the phrase "©2016 Joseph R. Tomelleri" is displayed, and directly below the illustration the title of the work and Mr. Tomelleri's name it is displayed. In some instances, the indication that Mr. Tomelleri is the illustrator is present elsewhere near the image.

22. Similar copyright management information is typically provided in connection with Mr. Tomelleri's works in the original publication in which they are featured.

23. Copyright management information may also be present in the metadata of electronic copies of each of Tomelleri's illustrations

24. Plaintiff's copyright management information is written in a clear, bold, large font which is easily seen by anyone viewing Plaintiff's work. Such copyright management information immediately indicates the title of the work, that Mr. Tomelleri is the author of the work, and that Mr. Tomelleri claims an exclusive copyright in the work.

25. Such copyright management information is typically provided in connection with every Tomelleri illustration in whatever form, digital or print, such work is published.

**DEFENDANT'S CONDUCT**

26. Defendant owns and operates a lodge, offers guided fishing and hunting packages, and rents fishing and hunting equipment.

27. In order to advertise and promote its business, Defendant owns and operates the website with the URL address eaglelodgealaska.com/. ("the Website").

TOMELLERI V. BROUGH
COMPLAINT
00888905.DOCX

CASE NO. 3:19-cv-_____ (___)
PAGE 5 OF 11

Case 3:19-cv-00310-SLG   Document 1   Filed 12/06/19   Page 5 of 11

28. Upon information and belief, the Website is distributed nationwide and viewable by any individual with internet access.

29. The Website is used by Defendant for commercial purposes, including advertising and promoting its business, listing its service packages and pricing, and allowing potential customers to contact Defendant to reserve rooms and packages.

30. Plaintiff discovered that Defendant, without authorization, reproduced and displayed at least six (6) of his illustrations on the Website – to wit, the Works.

31. Upon information and belief, Defendant modified the Works, creating derivative versions of the Works.

32. Upon information and belief, the Works reproduced and displayed on the Website were viewed by individuals all over the country.

33. Upon information and belief, the Works were used by Defendant to advertise and promote his business and services, especially those related to his fishing packages.

34. Upon information and belief, Defendant drove traffic to his Website and generated interest in his fishing packages and related services as a result of his infringing use of the Works.

35. Upon information and belief, Defendant derived revenue as a result of his infringing use of the Works.

36. Upon information and belief, Tomelleri's typical copyright management information was present on or near each of the Works when they were appropriated by Defendant.

TOMELLERI V. BROUGH
COMPLAINT
00888905.DOCX

CASE NO. 3:19-cv-_____ (___)
PAGE 6 OF 11

Case 3:19-cv-00310-SLG   Document 1   Filed 12/06/19   Page 6 of 11

37. In displaying the Works, Defendant did not provide any of Plaintiff's copyright management information.

38. Upon information and belief, Defendant intentionally removed all of Plaintiff's copyright management information which was previously present on and near each of the Works.

39. Defendant provided his own copyright management information in connection with the Works.

40. Upon information and belief, Defendant intentionally affixed these marks, attributing the Works to Defendant.

41. The copyright management provided by Defendant in association with each of the Works is false.

42. Upon information and belief, Defendant knew such copyright management information was false.

43. Upon information and belief, Defendant provided such false copyright management information to conceal his own infringement.

## COUNT I - COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501)

44. Plaintiff restates the allegations contained in the preceding paragraphs as if fully set forth herein.

45. Plaintiff has valid copyrights and copyright registrations for each of the Works.

46. Defendant has infringed Plaintiff's copyrights in his Works by preparing derivative works based upon the Works and by reproducing and publically displaying

TOMELLERI V. BROUGH  
COMPLAINT  
00888905.DOCX

CASE NO. 3:19-cv-_____ (___)  
PAGE 7 OF 11

Case 3:19-cv-00310-SLG   Document 1   Filed 12/06/19   Page 7 of 11

unauthorized copies of the Works within the United States of America in violation of 17 U.S.C. § 101, *et seq*

47. To the extent that Defendant does not acknowledge copying the Works, Defendant had access to the Works and the images used by Defendant are substantially similar to the Works.

48. In fact, the images used by Defendant are strikingly similar to the Works.

49. As a result of Defendant's above-described acts of copyright infringement, Plaintiff has sustained damages including lost licensing revenue in an amount not yet ascertained, and profits that should be disgorged to Plaintiff.

## COUNT II - VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
### (17 U.S.C. § 1202)

50. Plaintiff restates the allegations contained in the preceding paragraphs as if fully set forth herein.

51. Plaintiff's Works contained copyright management information as defined in 17 U.S.C. § 1202(c).

52. Defendant has intentionally removed such copyright management information from Plaintiff's Works, without permission in violation of 17 U.S.C. § 1202(b).

53. Defendant has knowingly and intentionally provided copyright management information for Plaintiff's Works that is false and has distributed copyright management information for Plaintiff's Works that is false in violation of 17 U.S.C. § 1202(a).

TOMELLERI V. BROUGH  
COMPLAINT  
00888905.DOCX  
CASE NO. 3:19-cv-_____ (___)  
PAGE 8 OF 11

Case 3:19-cv-00310-SLG   Document 1   Filed 12/06/19   Page 8 of 11

54. Defendant has provided and distributed such false copyright management information with the intent to conceal his own infringement of the Works and induce, enable, and facilitate others' infringement of the Works.

55. By reason of Defendant's conduct, Defendant has made it difficult for Plaintiff to discover the infringement.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, Plaintiff prays for judgment against Defendant as follows:

1. Under 17 U.S.C. § 502, grant temporary and final injunctions on such terms as it deems reasonable to prevent or restrain infringement of Plaintiff's copyright.

2. Under 17 U.S.C. § 503, order the impounding and ultimate destruction, on such terms as it may deem reasonable, of any records or material involved in Defendant's copyright infringement.

3. Under 17 U.S.C. § 504, award Plaintiff's actual damages and any additional profits of Defendant or, if Plaintiff so elects before judgment is entered, award statutory damages up to $150,000 per work infringed.

4. Under 17 U.S.C. § 505, award costs to Plaintiff;

5. Under 17 U.S.C. § 505, award Plaintiff's reasonable attorneys' fees to Plaintiff.

6. Under 17 U.S.C. § 1203(b)(1), grant a temporary and permanent injunction on such terms as it deems reasonable to prevent or restrain a further violation;

TOMELLERI V. BROUGH
COMPLAINT
00888905.DOCX

CASE NO. 3:19-cv-_____ (___)
PAGE 9 OF 11

Case 3:19-cv-00310-SLG   Document 1   Filed 12/06/19   Page 9 of 11

7. Under 17 U.S.C. § 1203(b)(2), order the impounding, on such terms as it deems reasonable, any device or product that is in the custody or control of Defendant that the Court has reasonable cause to believe was involved in a violation;

8. Under 17 U.S.C. § 1203(b)(3), either the actual damages and any additional profits of Defendant's in accordance with 17 U.S.C. § 1203(c)(2) or, if Plaintiff so elects before judgment is entered, statutory damages up to $25,000 for each violation.

9. Under 17 U.S.C. § 1203(c)(4), award to Plaintiff treble his award for damages under 17 U.S.C. § 1203(b)(3) if Defendant is found to have violated § 1201 or § 1202 within the past three years.

10. Under 17 U.S.C. § 1203(b)(4), award costs to Plaintiff;

11. Under 17 U.S.C. § 1203(b)(5), award reasonable attorney's fees to Plaintiff;

12. Under 17 U.S.C. § 1203(b)(6), order the remedial modification or the destruction of any device or product involved in the violation that is in the custody or control of Defendant or has been impounded under paragraph 17 U.S.C. § 1203(b)(2);

13. Awarding Plaintiff all available pre-judgment and post-judgment interest on all amounts of any judgment; and

14. Grant to Plaintiff such further relief as may be equitable and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

TOMELLERI V. BROUGH
COMPLAINT
00888905.DOCX

CASE NO. 3:19-cv-_____ (___)
PAGE 10 OF 11

Case 3:19-cv-00310-SLG   Document 1   Filed 12/06/19   Page 10 of 11

DATED this  6th  day of December, 2019.

                    BIRCH HORTON BITTNER & CHEROT
                    Attorneys for Plaintiff

By:    /s/ David Karl Gross
        David Karl Gross, ABA #9611065

                and

**EVANS & DIXON, LLC**

By:    /s/  Scott J. Strohm
        Scott J. Strohm (*pro hac vice* motion forthcoming)
        Corporate Woods | Building 82
        10851 Mastin Boulevard, Suite 900
        Overland Park, KS 66210
        Telephone:  913-701-6810
        Facsmile:  913-341-2293
        Email:  kccivillit@evans-dixon.com

TOMELLERI V. BROUGH                                          CASE NO. 3:19-cv-_____ (___)
COMPLAINT                                                                PAGE 11 OF 11
00888905.DOCX

Case 3:19-cv-00310-SLG   Document 1   Filed 12/06/19   Page 11 of 11